# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-CR-30077-SMY |
| EDWARD LYNN MOSKOP, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the court for consideration of Defendant Edward Lynn Moskop's *pro se* Motion to Request Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(a)(1)(A), (Doc. 130) and the Supplement filed by counsel, Daniel G. Cronin (Doc. 136). The Court finds that an evidentiary hearing is not necessary. For the following reasons, the Motion is **DENIED**.

## Background

On May 18, 2011, Moskop was charged by Indictment with Mail Fraud in violation of 18 U.S.C. § 1341 (Count 1), and Money Laundering in violation of 18 U.S.C. § 1957 (Count 2) (Doc. 1). He pled guilty on August 3, 2011 (Doc. 35). At the time of his guilty plea, Moskop stipulated that from November 1990 to October 18, 2010, he received $2,418,037.76 from clients who believed the money would be invested in mutual funds or certificates of deposit (Doc. 19). Instead, Moskop, who had been barred from selling securities, used the money for his own personal benefit and to make "lulling payments" to clients.

The United States Probation office filed a Presentence Investigation Report ("PSR") on December 6, 2011 (Doc. 30). According to the PSR, the statutory sentencing range was not more

than 20 years' imprisonment and/or restitution on Count 1 and not more than 10 years' incarceration and/or a $250,000 fine on Count 2. Based on a Total Offense Level of 33 and a Criminal History Category of I, the advisory Guideline's sentencing range was calculated as 135 to 168 months' incarceration and up 1 to 3 years of supervised release on Count 1, and 120 months' incarceration and 1 to 3 years of supervised release on Count 2.

At sentencing on December 12 and 13, 2011, fifteen witnesses testified regarding the impact Moskop's actions had on their, or the organizations they represent, finances, health, and outlook (Doc. 96). The Court also accepted victim impact statements and character letters written on behalf of Moskop (Doc. 97, p. 3). After considering the evidence, arguments of counsel, and the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Moskop to the statutory maximum of 240 months' incarceration on Count 1 and 120 month' incarceration on Count 2 to be served concurrently, followed by 3 years' supervised release, and ordered Moskop to pay $1,484,611.92 in restitution (Doc. 97, p. 33).

Moskop, who is now 72 years old,[1] is currently housed at the Federal Correctional Institution in Milan, Michigan. He has suffered or suffers from various acute and chronic conditions including depression, high blood pressure, high cholesterol, an enlarged prostate, hearing loss, kidney disease, bleeding on the brain, and mental deterioration. He is receiving regular medical treatment for his conditions, including medications, medical appointments, and procedures as necessary.

Moskop has served less than half of his 240-month sentence; his sentence began on January 18, 2012 and he has accrued only 432 days of good conduct credit (Doc. 138, p. 4). Seeking compassionate release, he asserts that he is at heightened risk of adverse health consequences in

---

[1] Counsel's supplement states that he is 74 years old; however, the PSR indicates that he was born on November 23, 1947 -- hence, 72 years old as of the date of this Order.

light the current novel COVID-19 coronavirus pandemic that is sweeping across the United States.

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.

The applicable Sentencing Commission policy statement referred to in 18 U.S.C. § 3582(c)(1)(A) is United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. It adds the requirement that the defendant not be a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13(2). The application notes further define "extraordinary and compelling reasons" to include:

**(A) Medical Condition of the Defendant.—**

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
      (I)   suffering from a serious physical or medical condition,
      (II)  suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,
         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

\* \* \*

**(D) Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

(*Id.*).

It is undisputed that Moskop exhausted his administrative remedies. However, the Court concludes that extraordinary or compelling reasons warranting Moskops release from custody do not exist. Moskop does not suffer from a terminal or severe acute illness, nor has he provided evidence of a serious physical or medical problem that diminishes his ability to self-care within FCI Milan or from which he is not expected to recover. And, while the Court acknowledges Defendant's chronic medical conditions and is aware of the dangers associated with the current Covid-19 outbreak, there is no showing that Defendant is at any particularized risk at this point. Indeed, the BOP appears to be taking all precautions reasonably possible.

Moreover, consideration of the §3553(a) factors counsel against Moskop's release. The seriousness of his offense (Defendant bilked over a dozen individuals, some vulnerable, of their life's savings over the course of 20 years), and the sentencing objectives of specific deterrence and protecting the public are not fully served by less than 10 years of incarceration. Accordingly, Moskop's Motion to Request Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(a)(1)(A) (Doc. 130), as supplemented (Doc. 136), is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: April 14, 2020**

    **STACI M. YANDLE**
    **United States District Judge**